**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02055-RPM-OES

JONETTE FARMER,

       Plaintiff,

v.

CENTRAL STATES HEALTH & LIFE COMPANY OF OMAHA,

       Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

This matter is before the Court on the parties' joint motion for a Stipulated Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  This Court has been duly

advised in the premises, finds that good cause has been shown and grants the same as follows:

WHEREAS, the parties to this action believe that certain interrogatories, requests for

admission, requests for production of documents, subpoenas of non-parties, and depositions of

parties and non-parties may require disclosure of trade secrets or other confidential information,

including research, development, commercial and financial information within the meaning of

Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS IT IS HEREBY STIPULATED AND AGREED, by and between counsel for

the parties, that the following Stipulated Protective Order shall govern the use and handling of

documents, depositions, deposition exhibits, and other written, recorded, or graphic matter and

materials produced during discovery ("Produced Materials") by any of the parties to this action or

00265449 / 1

third parties responding to a discovery request or subpoena (a "Producing Party") which contain

trade secrets or other confidential research, development, marketing, financial, competitive, or

commercial information;

WHEREAS, the parties need to ensure that no unfair advantage is gained by a party or

lost to third parties or non-parties through disclosure or use of any trade secrets or other

confidential information which may be obtained or disclosed during discovery in this case.

WHEREAS IT IS HEREBY STIPULATED AND AGREED, that if, pursuant to

proceedings in this action, any party (a) produces information or permits inspection or sampling

of any tangible thing, whether informally or in response to oral examination, written

interrogatories, requests for admission, requests for production of documents, requests for

inspection, subpoena, or subpoena duces tecum, which any party or other person claims to

constitute its trade secrets or other confidential information, including research, development,

commercial and financial information, or (b) receives, by an oral or written communication,

information which any party or other person claims to constitute its trade secrets or other

confidential information, including research, development, commercial, or financial information,

the following procedures shall be employed and the following restrictions shall govern.

Upon a showing of good cause in support of the entry of a protective order to protect the

discovery and dissemination of confidential information or information which will improperly

annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS

ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including

without limitation, documents produced, answers to interrogatories, responses to requests for

admission, deposition testimony, and other information disclosed pursuant to the disclosure or

discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.

34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and

implicates common law and statutory privacy interests of (a) Central States Health and Life

Company of Omaha, and (b) Plaintiff.  CONFIDENTIAL information shall not be disclosed or

used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of the party producing it or

further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on

the case whose assistance is required by said attorneys in the preparation for trial,

at trial, or at other proceedings in this case;

(c)      the parties, including the Plaintiff and designated representatives for the

Defendant;

(d)      expert witnesses and consultants retained in connection with this proceeding, to

the extent such disclosure is necessary for preparation, trial or other proceedings

in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the

conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the

00265449 / 1                                                    - 4 -

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party contesting the designation of the information as CONFIDENTIAL to file

an appropriate motion requesting that the Court determine whether the disputed information

should be subject to the terms of this Protective Order. The disputed information shall be treated

as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

9.     At the conclusion of this case, unless other arrangements are agreed upon, each document

and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the

party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL

documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying

party shall provide all parties with an affidavit confirming the destruction.

10.     This Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity for them to be heard.

STIPULATED AND AGREED TO this _8th_ day of February, 2006.


s/ Josiah L. Kibe
Brian J. Spano, Esq.
Josiah L. Kibe, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, Colorado 80202-5855
Telephone:  (303) 623-9000
Facsimile:  (303) 623-9222
E-mail:  jkibe@rothgerber.com
*Attorneys for Defendant Central States Health and Life Company of Omaha*


s/ Thomas A. Bulger
Thomas A. Bulger, Esq.
Silvern Law Offices, P.C.
1801 Broadway, Suite 930
Denver, Colorado 80202
Telephone:  (303) 292-0044
Facsimile:  (303) 292-1466
E-mail:  slopc3@qwest.net
*Attorneys for Plaintiff*


**Dated this** ___9___ **day of** ___Feb___ **, 2006**

**SO ORDERED:**

_____
**Senior District Court Judge**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2006, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:


Thomas A. Bulger, Esq.
Silvern Law Offices, P.C.
1801 Broadway, Suite 930
Denver, CO  80202
E-mail:  slopc3@qwest.net


        s/ Josiah L. Kibe
        Josiah L. Kibe, Esq.
        Attorney for Defendant
        Rothgerber Johnson & Lyons LLP
        1200 17th Street, Suite 3000
        Denver, CO  80202
        Telephone: (303) 623-9000
        Fax: (303) 923-9222
        E-mail:  jkibe@rothgerber.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02055-RPM-OES

JONETTE FARMER,

        Plaintiff,

   v.

CENTRAL STATES HEALTH & LIFE COMPANY OF OMAHA,

        Defendant.

---

The undersigned, _____, hereby acknowledges that he or she has received a copy of the Protective Order entered in Jonette Farmer v. Central States Health & Life Company of Omaha, has read the same in its entirety and agrees to be bound by all the provisions thereof. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Colorado for all disputes arising under the Protective Order and understands that failure to comply with the terms of the Protective order may constitute contempt of court.

Date _____    _____

**EXHIBIT A**